0-531

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 29, 1939

H..norable Mortimer Brown
Executive Secretary
Teacher Retirement System
Austin, Texas

Dear Sir:

Opinion No. O-531

Re: Purchase of Bonds of
Brazos River Conservation
and Reclamation District
by Teacher Retirement
Fund.

We are in receipt of your letter of March 22, 1939, requesting the opinion of this Department as to whether the board of trustees of the Teacher Retirement System of Texas is authorized under Article 2922-1, Section 7, Subsection (1) and Texas Constitution Article 3, Section 48a to invest any of the funds of the Teacher Retirement System in bonds issued by the Brazos River Conservation and Reclamation District.

Article 3, Section 48a, Texas Constitution, provides in part:

"All funds provided from the compensation of said persons, or by the State of Texas, for such Retirement Fund, as are received by the Treasury of the State of Texas, shall be invested in bonds of the United States, the State of Texas, or counties or cities of this State, or in bonds issued by any agency of the United States Government, the payment of the principal of and interest on which is guaranteed by the United States; . . ."

Acts 1937, 45th Leg., Senate Bill #47, now appearing as Article 2922-1, Section 7, Subsection (1), Revised Civil Statutes, 1925, provides in part:

"The State Board of Trustees shall be the trustees of the several funds as herein created by this Act, and shall have full power to invest and reinvest such funds subject to the following limitations and restrictions:

All retirement funds, as are received by the Treasury
of the State of Texas from contributions of teachers and
employers as herein provided, may be invested only in bonds
of the United States, the State of Texas, or counties, or
cities, or school districts of this State, wherein said
counties, or cities, or school districts have not defaulted
in principal or interest on bonds within a period of ten
(10) years, or in bonds issued by any agency of the United
States Government, the payment of the principal and inter-
est on which is guaranteed by the United States; and in
interest bearing notes or bonds of the University of Texas
issued under and by virtue of Chapter 40, Acts of the
Forty-third Legislature, Second Called Session; . . ."

The authorization of the board to invest funds of the system
is limited to those classes of bonds permitted by the Constitution
and Acts of the Legislature. We must determine then if the bonds
issued by the Brazos River Conservation and Reclamation District
fall within any of the classifications listed above.

Article 16, Section 59, Texas Constitution, provides
in part:

"(b) There may be created within the State of Texas,
or the State may be divided into, such number of conserva-
tion and reclamation districts as may be determined to be
essential to the accomplishment of the purposes of this
amendment to the constitution, which districts shall be
governmental agencies and bodies politic and corporate
with such powers of government and with the authority to
exercise such rights, privileges and functions concerning
the subject matter of this amendment as may be conferred
by law.

"(c) The Legislature shall authorize all such indebted-
ness as may be necessary to provide all improvements and
the maintenance thereof requisite to the achievement of the
purposes of this amendment, and all such indebtedness may
be evidenced by bonds of such conservation and reclamation
districts, to be issued under such regulations as any (may)
be prescribed by law and shall also, authorize the levy
and collection within such districts of all such taxes,
equitably distributed, as may be necessary for the payment
of the interest and the creation of a sinking fund for
the payment of such bonds; and also for the maintenance of
such districts and improvements, and such indebtedness
shall be a lien upon the property assessed for the payment
thereof; provided the Legislature shall not authorize the



issuance of any bonds or provide for any indebtedness
against any reclamation district unless such proposition
shall first be submitted to the qualified property tax-
paying voters of such district and the proposition
adopted."

Pursuant to the foregoing constitutional authorization,
the Brazos River Conservation and Reclamation District was created
by Acts 1929, 41st Legislature, 2nd C. S., Special Laws, p. 22,
Ch. 13, and subsequently amended by Acts 1934, 43rd Leg., 4th C. S.,
p. 3, Ch. 3; Acts 1935, 44th Leg., p. 56, Ch. 19; Acts 1935, 44th
Leg., 1st C. S. p. 1527, Ch. 368. Section 2 of the original Act
provides:

"The Brazos River Conservation and Reclamation
District is created as a governmental agency, a municipal-
ity, body politic and corporate, vested with all the
authority as such under the Constitution and Laws of the
State; and shall have and be recognized to exercise all
of the powers of such governmental agency and body politic
and corporate as are expressly authorized in the provisions
of the Constitution, Section 59 of Article 16, for Districts
created to conserve, control, and utilize to beneficial
service the storm and flood waters of the rivers and streams
of the State, or such powers as may be contemplated and
implied by the purposes of this provision of the Constitu-
tion, and as may be conferred by General Law, and in the
provisions of this Act; and shall have and be recognized
to exercise all the rights and powers of an independent
governmental agency, municipality, body politic and cor-
porate to formulate any and all plans deemed essential
to the operation of the District and for its administra-
tion in the control, storing, preservation and distribu-
tion to all useful purposes of the storm and flood waters
of the Brazos River and its tributary streams; as such
District, shall have and be recognized to exercise such
authority and power of control and regulation over such
storm and flood waters of the Brazos River and its tri-
butaries as may be exercised by the State of Texas, subject
to the provisions of the Constitution and the Acts of the
Legislature."

Under Section 5, the boundaries are to include all counties
lying wholly or in part in the watershed of the Brazos River and
its tributaries to be determined by the State Board of Water Engineers.

Under Section 6, as amended, the District is to be governed by a Board of 21 directors to be designated by the State Board of Water Engineers subject to the approval of the Governor. The directors are to take the oath of office and make bond payable to the District.

The amendatory Acts of 1935, 44th Leg., 1st C. S., p. 1527, Ch. 368, Sec. 1, provides for the remission of ad valorem taxes for a period of 20 years collected for general revenue purposes from certain counties, contingent upon a loan, grant or allotment from the United States of America, provided that the amount of ad valorem taxes granted shall not exceed in any one year $309,000.00. Section 5 of the above amendatory act provides:

"The District shall have the authority and it is hereby authorized to issue its negotiable bonds, secured only by pledge of the sums granted and/or donated by the State of Texas and/or out of any other current revenues of the District in any such amounts as may be authorized by the Directors of such District, which sums shall be paid to the legal holders of said bonds, for the purpose of purchasing, acquiring and/or condemning lands, leases, easements and/or acquittances, rights-of-way, structures and/or buildings, equipment and/or operation of proper structures, dams, reservoirs, suitable for the control of the recurrent, devastating floods in the valley of the Brazos River, which have, over a long period of years, caused a deplorable loss of life and property, and the erosion of the soil and a depletion of the fertility of the lands in said valley and the water-shed served by the Brazos River in Texas, and the public highways and structures and lands belonging to the State of Texas situated within said water-shed; all of which is hereby declared to be a public calamity, and doing all things necessary in the execution of the purposes for which the District is created and exists. The moneys herein and hereby granted and/or donated to the Brazos River Conservation and Reclamation District are declared to be for the purposes of discharging obligations herein authorized."

Although we have not been presented with copies or descriptions of the bonds which it is understood will be offered to the Board, we assume that they are the bonds issued under Section 5 payable out of revenues and donations by the State of Texas.



We do not think that it will admit of serious doubt that the bonds in question are not "bonds of the United States . . . or counties or cities of this State."

The Amendatory Act of 1935, 1st Called Session, p. 1527, states that "there is hereby donated and granted by the State of Texas to the Brazos River Conservation and Reclamation District, a state agency, created by the Act of the Legislature of the State of Texas . . ." A reading of Section 2 of the original Act and its subsequent amendments makes it clearly appear that the district is a body corporate and governmental agency discharging a governmental function. See Brazos River Conservation and Reclamation District v. McCraw, 91 S. W. (2) 665. However, it does not follow that the authorized bonds issued by the District are "bonds of the State of Texas", as contemplated by the Constitution and statutes relating to the Teacher Retirement System.

The Acts of the Legislature creating this District and the bonds in question are thoroughly discussed by the Supreme Court of Texas in Brazos River Conservation and Reclamation District v. McCraw (1936) 91 S. W. (2) 665. In passing upon the objection that the issuance of these bonds violated the State Constitution, the court stated:

"The objection that the Act is an attempt to authorize the board of the district to create a debt in behalf of the state, or lend the credit of the state in violation of the inhibitory provisions of Sec. 49 and 50 of Art. 3 of the Constitution, is without merit. No debt on the part of the state is to be created, nor is the state's credit loaned for that purpose. These questions are foreclosed by the opinion of this court in the case of city of Aransas Pass v. Keeling, 112 Tex. 339, 247 S. W. 818."

Under the construction placed upon these bonds by the Supreme Court of Texas, they are not issued by or upon credit of the State but are issued by the Reclamation District secured by and payable only out of donations of ad valorem taxes from the State of Texas and revenues to be derived from the district.

The Constitution and statutes expressly recognize the distinction between bonds issued by the central government itself, and those issued by a governmental agency, by expressly enumerating bonds issued by the United States and bonds issued by an agency of the United States Government. It would appear that if it was intended



to include all agencies of the State Government, the constitutional and statutory provisions would have expressly so stated.

If, however, under any construction the provision "may be invested only in bonds of . . . the State of Texas" may be so construed as to mean "governmental agencies of the State of Texas", there is yet another difficulty. It is a cardinal rule of construction that "the expression of one thing is exclusive of another." The rule is explained in 59 Tex. Jur. p. 189, as follows:

". . . The maxim signifies that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others. And when it is applicable, affirmative words imply a negative of what is not affirmed, negative words imply an affirmative of what is not negatived; and a provision limiting a thing to be done in a particular form or manner implies that it shall not be done otherwise."

Since counties and cities are also governmental agencies performing a governmental function, their express enumeration in the Constitution and Statutes pertaining to Teacher Retirement Fund, at least, impliedly excludes other governmental agencies under the above rule of construction.

We do not express an opinion upon the constitutionality of such provision, but call attention to the fact, as supporting this interpretation, that in Article 2922-1, Section 7, Subsection 1, the Legislature found it necessary to expressly mention "school districts of this State . . . and interest bearing notes and bonds of the University of Texas issued under and by virtue of Chapter 40, Acts of the 43rd Legislature, 2nd Called Session." Each of these are properly classified as governmental agencies of the State of Texas, and their enumeration emphasizes the intention of the Legislature to specifically provide for the bonds in which Teacher Retirement Fund may be invested and to exclude all others.

The fact that the district is a State agency does not necessarily preclude such district from also serving as an agency of the United States Government. We have not been presented with the contract between the district and the Federal Government, but for the purpose of disposing of the issue, assume that it may be such an agency. The constitution and statutes provide that the principal and interest on bonds issued by such agency must be guaranteed by the United States Government. Insofar as we have been able to



ascertain the United States Government has made an outright grant to the district of $30,092,545.00 to erect dams, while the bonds in question are in addition to the United States grant and are to purchase lands, easements, etc. to operate the project. We also understand that part of these bonds, in the amount of about $400,000.00, are now held in escrow by the United States Government, to assure the completion of the Possum Kingdom Dam being constructed with money from the federal grant. It is stated in the prospectus issued by the agent marketing these bonds, that the bonds are secured by "a first pledge of the tax money donated by the State and by a secondary pledge of revenues of the District which may later accrue to it." It occurs to us that if the payment of these bonds was guaranteed by the Federal Government it would certainly have been mentioned in this prospectus.

This Department is of the opinion that the Board of Trustees of the Teacher Retirement System of Texas is not authorized by the provisions of Texas Constitution Article 3, Sec. 48a and Article 2922-1, Section 7, Subsection (1), to invest any of the funds of the Teacher Retirement System in bonds issued by the Brazos River Conservation and Reclamation District.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:N

APPROVED

FIRST ASSISTANT ATTORNEY GENERAL